UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>

UNITED STATES OF AMERICA,

   -against-

JACK PALAZZO,

                *Defendant.*

</td><td>

09-CR-459 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

</td></tr>
</table>

On May 13, 2025, Defendant Jack Palazzo requested that I enter an order that deemed his restitution obligation satisfied based on a private settlement agreement that he had reached with the victim, Consolidated Edison ("ConEd"), of the crime for which he was convicted. On May 15, 2025, I granted that order. Order of Restitution, ECF No. 33. The government has since moved for reconsideration. Gov't Mot. for Recon., ECF No. 34.

For the reasons set forth below, I grant the government's motion and vacate my prior order modifying Mr. Palazzo's restitution.

## BACKGROUND

On July 13, 2009, Mr. Palazzo was convicted, by guilty plea, of money laundering conspiracy in violation of 18 U.S.C. §§ 1956(h) & (a)(1). Guilty Plea, ECF No. 5. As part of his sentence, Mr. Palazzo was ordered to pay $158,445.27 in restitution to the victim of his crime, ConEd, "at a rate of 15% of net monthly cash flow." Judgment at 6, ECF No. 26.

In a separate civil action, ConEd sued Mr. Palazzo for breach of fiduciary duty, arising from the same conduct as his criminal conviction. ConEd Letter at 1, ECF No. 31. ConEd and Mr. Palazzo settled the civil action, and Mr. Palazzo agreed to pay ConEd $770,105.08, which included the $158,445.27 in criminal restitution. *Id*. As of May 2025, Mr. Palazzo had paid $67,889.06 in restitution, leaving an outstanding balance of $90,556.21. *Id*.

1

On May 13, 2025, ConEd informed the court that it had reached a new agreement with Mr. Palazzo, whereby he would make a final lump sum restitution payment of $50,000. *Id*. In return, ConEd would consider Mr. Palazzo's financial obligations to it to have been satisfied. *Id*. at 2.

ConEd and Mr. Palazzo requested that I enter an order that Mr. Palazzo's restitution obligation satisfied upon payment of the $50,000 lump sum. *Id*. On May 15, 2025, I granted that order. Order of Restitution, ECF No. 33. The government has now moved for reconsideration.

## DISCUSSION

The Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A, et seq. ("MVRA") requires a Court to "order restitution to each victim in the full amount of each victim's losses as determined by the Court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). "Restitution is part of a criminal sentence, and so the district court's jurisdiction to vacate or modify a restitution order once issued is quite limited." *United States v. Metellus*, No. 08-CR-0332, 2020 WL 1864888, at *2 (E.D.N.Y. Apr. 14, 2020) (quotation marks omitted). A restitution order can only be modified in the ways envisioned by 18 U.S.C. § 3664(o), none of which are applicable here.[1] *See United States v. Wyss*, 744 F.3d 1214, 1218 (10th Cir. 2014) (describing the "enumerated exceptions" by which a defendant's restitution may be modified).

Critically, a settlement agreement between a defendant and his victim is not one of the limited circumstances enumerated in § 3664(o) that permit me to modify or deem satisfied the

---

[1] These exceptions authorize a court to modify a defendant's restitution amount: (i) "to correct a sentence that resulted from arithmetical, technical, or other clear error"; (ii) in connection with "appeals of sentences and resentencing after such appeals"; (iii) after collecting information about "losses unascertainable at the time of sentencing"; or (iv) after resentencing a defendant because of a failure to pay restitution or a violation of supervised release or probation. *United States v. Teeple*, No. 13-cr-339, 2016 WL 1328939, at *2 (citing 18 U.S.C. § 3664(o)).

2

restitution judgment. The MVRA is, by its terms, mandatory, and a victim cannot waive or disclaim restitution under its provisions. *See United States v. Rizk*, 660 F.3d 1125, 1137 (9th Cir. 2011) (district court did not err in ordering restitution to be paid to the victim lenders, even though victims settled all claims against defendant in a prior civil action); *see also United States v. Bearden,* 274 F.3d 1031, 1040-41 (6th Cir. 2001) (holding that a private settlement between a criminal wrongdoer and his victim releasing the wrongdoer from further liability does not preclude a district court from imposing a restitution order and noting that other circuits have similarly held). Circuit courts have also uniformly rejected post-judgment attempts by defendants to settle with their victims and thereby reduce the amount of restitution owed. *See United States v. Hankins*, 858 F.3d 1273, 1275 (9th Cir. 2017); *United States v. Masek*, 588 F.3d 1283, 1286 (10th Cir. 2009); *United States v. Ridgeway*, 489 F.3d 732, 737 (5th Cir. 2007).

ConEd's sole response to the preceding authority is that settlement of the restitution obligation "provides Con[Ed] with the greatest possibility of receiving the most victim compensation under the circumstances." ConEd Resp. at 2, ECF No. 35. Although that may be true, equitable concerns do not provide me with the authority to modify Mr. Palazzo's restitution. *See Wyss*, 744 F.3d at 1219 ("[m]uch of § 3664(o) would be rendered meaningless if a court . . . could in the interests of justice reduce restitution previously ordered in a situation not within an enumerated exception."). Although restitution orders are "a judgment for the benefit of the victim," the victim "has no control over . . . the decision to award restitution." *Kelly v. Robinson*, 479 U.S. 36, 52 (1986) (internal quotations omitted). That is because the "purpose of restitution . . . [is] not only the compensation of victims, but also the punishment of offenders." *United States v. Johnson*, 378 F.3d 230, 245 (2d Cir. 2004) (holding that a court must impose restitution under the MVRA even if the victim refuses to accept it).

## CONCLUSION

In sum, I lack the authority to alter or deem satisfied Mr. Palazzo's restitution obligation based on the settlement agreement he has reached with his victim, ConEd. *See United States v. Hanakis*, 645 F. Supp. 3d 120, 123 (E.D.N.Y. 2022) ("A defendant's total restitution amount cannot be changed even if the victim to whom a defendant owes restitution has agreed to accept a single lump sum payment in lieu of receiving a potentially larger amount over an extended period of time." (quotation marks omitted); *United States v. Teeple*, No. 13-cr-339, 2016 WL 1328939, at *1 (S.D.N.Y. Apr. 5, 2016) (similar). I therefore reconsider and vacate my prior Order modifying Mr. Palazzo's restitution. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration is appropriate when moving party can point to "controlling decisions or data that the court overlooked" and that might "reasonably be expected to alter the conclusion reached by the court.").

SO ORDERED.

                                                      /s/
                                          Allyne R. Ross
                                          United States District Judge

Dated: July 16, 2025
       Brooklyn, New York